# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 12-1057** (Clay County 11-F-22)

**Brent Boggs,**
**Defendant Below, Petitioner**

**FILED**

**June 28, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Brent Boggs's appeal, filed by counsel Wayne King, arises from an order entered August 2, 2012, in the Circuit Court of Clay County, in which petitioner was sentenced to serve one year in jail. This sentence followed petitioner's misdemeanor conviction for destruction of property. The State, by counsel Marland Turner, filed a response in support of the circuit court's decision. Petitioner thereafter filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2012, a jury convicted petitioner of the misdemeanor charge of destruction of property and acquitted him of felony escape. This conviction arose after the Clay County Sheriff was notified that petitioner's home incarceration monitoring device had been broken. Petitioner was taken into custody shortly thereafter. Following petitioner's misdemeanor conviction, the circuit court sentenced him to one year in jail. From this order, petitioner appeals.

Petitioner raises three assignments of error. First, petitioner argues that the circuit court erred when it failed to dismiss the first count of his indictment, felony escape. Petitioner argues that because he was on home confinement as a condition of bond, he did not have a custodial relationship with the Clay County Sheriff, as required by West Virginia Code § 61-5-10. As indicated above, the jury acquitted petitioner of the felony escape charge. The issue is, therefore, moot and need not be addressed herein. *See State v. Clements*, 175 W.Va. 463, 334 S.E.2d 600 (1985). We find no error in this regard.

Second, petitioner argues that the circuit court erred when it failed to remand his misdemeanor charge of destruction of property to magistrate court. Petitioner asserts that the magistrate court retained original jurisdiction over this misdemeanor offense. We disagree. Our review of the record indicates that after the charge was dismissed in magistrate court without proceeding to trial, the State filed an indictment in circuit court that included this offense.

1

Petitioner was thereafter indicted by the grand jury and the matter moved forward in circuit court by jury trial. Therefore, the circuit court clearly had jurisdiction in this matter.

Third, petitioner argues that the circuit court erred when it defined "prima facie" to the jury when exhibits presented by the State mentioned the term "prima facie." In particular, petitioner points to State's Exhibit 5, which is a copy of the Clay County Sheriff's Department Rules of Home Confinement Program. The fifth condition listed on this document uses the term "prima facie" in describing activities that may constitute "prima facie evidence" that petitioner has violated home confinement. Such activities described include the loss of a receiving signal or failure by petitioner to return home before the proper time. Petitioner argues that providing this definition could have led the jurors to believe that they did not have to find guilt beyond a reasonable doubt. Our review of the record provides that the circuit court used Black's Law Dictionary to define "prima facie" to the jury, upon its request. A copy of the submitted jury instructions further provides that the circuit court instructed the jury of the State's burden to prove its case beyond a reasonable doubt. There is no evidence that indicates that the jury gave unreasonable weight to the term "prima facie" with regard to the charge for which petitioner was ultimately acquitted. Accordingly, we find no reversible error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2